UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-64-KSF

VICTOR BRANTLEY                                                                                   PLAINTIFF

v.                                      **OPINION & ORDER**

JOE K. ASHER                                                             DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, Joe K. Asher, for summary judgment [DE #17] pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is fully briefed and is ripe for review.

I.        FACTUAL AND PROCEDURAL BACKGROUND

On July 7, 2006, the plaintiff, Victor Brantley, was operating a 2001 International 18-wheeler with an extended sleeper and a loaded trailer on behalf of his employer, G & P Trucking, Inc. On that day, Brantley, a resident of South Carolina, had traveled to Kentucky to deliver parts and reload. As he headed back to South Carolina, Brantley traveled on Kentucky Highway 150 ("Highway 150") in Crab Orchard, Kentucky, on his way to Interstate 75. Highway 150 is a rural, two-lane road with one lane in each direction. After Brantley rounded a curve, he collided with a dump truck driven by Asher, a resident of Kentucky.

On February 12, 2008, Brantley filed this diversity action against Asher alleging that Asher's negligence caused the accident [DE #1]. Brantley seeks compensation for his injuries, lost income, impairment of his ability to labor and to earn money, and past and future medical expenses. Asher denies that he acted negligently in operating his dump truck [DE #4].

On December 1, 2008, Asher filed a motion for summary judgment [DE #17]. In support of his motion, Asher first argues that Brantley's act of operating his tractor-trailer on Highway 150 where it is clearly prohibited by trucking statutes and regulations is negligence per se and entitles Asher to a judgment as a matter of law. Second, Asher argues that both Brantley's act of driving his tractor-trailer on Highway 150 and a blind curve in the roadway just prior to the collision act as superseding causes, relieving him of liability. Finally, Asher argues that the evidence is so "one-sided" that he is entitled to judgment as a matter of law. For the reasons set forth below, Asher's motion for summary judgment will be denied.

**II.      ANALYSIS**

   **A.      SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that

"there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

In this diversity of citizenship case, the Court applies the law of the State of Kentucky. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). The Court applies state law in accordance with the controlling decisions of the state supreme court. If that court has not yet addressed the relevant issue, this Court must predict how the state supreme court would rule by looking at all the available data. *Allstate Ins. Co. v. Thrifty Rent-A-Car Systems, Inc.*, 249 F.3d 450, 454 (6th Cir. 2001). "'Relevant data include decisions of the state appellate courts, and those decisions should not be disregarded unless we are presented with persuasive data that the [state supreme court] would decide otherwise.'" *Id*. (quoting *Kingsley Assoc. v. Moll PlasitCrafters, Inc.*, 65 F.3d 498, 507 (6th Cir. 1995)).

In this case, Asher filed his motion for summary judgment relying on citations to deposition testimony and affidavits. He argues that because Brantley's response failed to come forward with any affirmative evidence to show the existence of a genuine issue of fact, he is entitled to summary judgment. The Court disagrees. As explained below, Asher's legal arguments based on negligence per se, superseding cause, and "one-sided evidence" are without merit, and Brantley's response based upon the law of Kentucky is appropriate under these circumstances.

**B.     ASHER IS NOT RELIEVED OF LIABILITY UNDER THE DOCTRINE OF NEGLIGENCE PER SE**

Asher argues that he is entitled to summary judgment based on the doctrine of negligence per se because the tractor-trailer operated by Brantley at the time of the accident was not permitted to travel on Highway 150. However, as Brantley points out, negligence per se is not typically used as a bar to relief, but rather a tool for simplifying a plaintiff's burden of proof in a negligence claim. In Kentucky, a claim for negligence "requires proof of: (1) a duty on the part of the defendant; (2) a breach of that duty; (3) a consequent injury, which consists of actual injury or harm; and (4) legal causation linking the defendant's breach with the plaintiff's injury. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003). Whether a "duty" exists is a question of law. "If no duty is owed by the defendant to the plaintiff, there can be no breach thereof, and therefore no actionable negligence." *Ashcraft v. Peoples Liberty Bank & Trust Co., Inc.*, 724 S.W.2d 228, 229 (Ky.App. 1986). "Breach and injury, are questions of fact for the jury to decide." *Pathways,* Inc., 113 S.W. 3d at 89 (citing *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky.App. 2001)). The final element, legal causation, is a mixed question of law and fact. *Deutsch v. Shein*, 597 S.W.2d 141, 145 (Ky. 1980).

Cases employing the negligence per se doctrine have held that a *defendant's* violation of a statute or regulation may create liability per se for negligence when the statute or regulation imposes a duty of care for the special benefit of a particular group or class of persons. *See Lomayestewa v. Our Lady of Mercy Hospital*, 589 S.W.2d 885 (Ky. 1979). Asher, however, is not able to point to any cases where a *plaintiff's* violation of a statute or regulation precluded the plaintiff from recovery where the proximate cause of the accident is in dispute, as in this case.

In Kentucky, the fact that the plaintiff may have breached his duty of care or violated a statute or regulation simply factors into the comparative negligence analysis that the jury must undertake.

Under Kentucky law, comparative negligence supplanted contributory negligence with the Supreme Court's decision in *Hilen v. Hays*, 673 S.W.2d 713 (Ky. 1984). The Kentucky legislature codified the comparative fault doctrine in 1988 by the enactment of KRS 411.182. "Comparative negligence 'calls for liability for any particular injury in direct proportion to fault.'" *Regenstrief v. Phelps*, 142 S.W.3d 1, 4 (Ky. 2004)(citing *Hilen v. Hays*, 673 S.W.2d 713, 718 (Ky. 1984)). The Kentucky Supreme Court explained comparative negligence as follows:

> As opposed to contributory negligence, where the plaintiff's negligence can be a complete defense, comparative negligence shifts the focus of attention from liability to damages, and . . . divides the damages between the parties who are at fault. A finding of fault involves an examination of the duties of each party and a determination of whether those duties were breached.

*Regenstrief*, 142 S.W.3d at 4 (quotations and citations omitted).

Asher's attempt to bar Brantley's claim based on his alleged violation of the trucking statutes and regulations ignores the comparative fault analysis required by Kentucky law. Accordingly, his motion for summary judgment based on the doctrine of negligence per se will be denied.

    **C.    THE DOCTRINE OF SUPERSEDING CAUSE DOES NOT RELIEVE ASHER OF LIABILITY**

Asher also moves for summary judgment on the grounds that Brantley's act of driving a tractor-trailer on Highway 150 where it is prohibited is a superseding cause which breaks the chain of causation and relieves Asher of any liability. Generally, a superseding cause allows the unforeseeable acts of a third party, someone or something other than the plaintiff or defendant, to supplant the defendant's conduct as the legal cause of the plaintiff's injuries. *See* <u>Restatement (Second) of Torts § 440</u>. As the plaintiff, Brantley's own act of driving the tractor-trailer on Highway 150 cannot also be a superseding cause. The cases relied upon by Asher are distinguishable because they involved the actions of third parties, which is not the case here. *See Matilla v. S. Kentucky Rural*

*Coop. Corp.*, 2006 WL 1232902 (E.D. Ky. May 5, 2006)(holding that the acts of two defendants in attempting to cut down a tree were superseding causes precluding liability against the utility company); *Dixon v. Kentucky Utilities Co.*, 174 S.W.2d 19 (Ky.App. 1943)(holding that a car which struck a utility pole that was allegedly negligently maintained, then struck another pole which electrified a fence that injured the plaintiff was a superseding cause precluding liability against the electric company).

To the extent that Asher contends that the blind curve on Highway 150 itself is a superseding cause, the Court is unaware of any case law where a curve (or other roadway feature) amounted to a superseding cause which could relieve an alleged tortfeasor from liability. The fact that the parties were traveling on a rural, curvy road is simply a factor the jury must consider when evaluating the parties' comparative fault. *See Commonwealth of Kentucky, Transportation Cabinet v. Babbitt*, 172 S.W.3d 786, 793 (Ky. 2005)(noting that "the rationale for the doctrine of superseding cause has been substantially diminished by the adoption of comparative negligence"). Accordingly, Asher's motion for summary judgment on the grounds of superseding cause will be denied.

**D.     WHETHER THE EVIDENCE IS SO "ONE-SIDED" IS A QUESTION FOR THE JURY, NOT THE COURT**

Finally, Asher argues that because the evidence is so overwhelming that Brantley was at fault for the accident, he is entitled to summary judgment. However, Kentucky law is clear that breach of duty and injury are questions for the jury to decide. *Pathways, Inc.*, 113 S.W. at 89. No matter how overwhelming the evidence, the jury, not the Court, must undertake this analysis. Accordingly, Asher's motion for summary judgment on these grounds will be denied.

## III. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that Asher's motion for summary judgment [DE #17] is **DENIED**.

This January 16, 2009.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge